UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Liam Murray, *on behalf of himself and all others similarly situated*,

                            Plaintiffs,

      -v-

ONETOUCHPOINT, INC.,

                            Defendants.
------------------------------------------------------------------X

23-cv-301 (LJL)

MEMORANDUM & ORDER

LEWIS J. LIMAN, United States District Judge:

      Defendant OneTouchPoint Inc. ("Defendant"), moves pursuant to 28 U.S.C. § 1404(a) and with the consent of Plaintiff, to transfer this case to the United States District Court for the Eastern District of Wisconsin. Dkt. No. 10. The motion is granted.

      Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have bene brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). To determine whether transfer is appropriate, the court applies a two-step inquiry. First, it determines "whether the action could have been brought in the proposed transferee court." *See Inventel Prods. LLC v. Penn LLC*, 2017 WL 818471, at *2 (S.D.N.Y. Feb. 28, 2017) (Nathan, J.). Second, the court "'balance[s] the private and public interests,' to determine whether transfer is warranted '[f]or the convenience of parties and witnesses, [and] in the interest of justice.'" *Id.* at *2 (alteration in original) (first quoting *Gross v. British Broad. Corp.*, 386 F.3d 224, 230 (2d Cir. 2004); and then quoting 28 U.S.C. § 1404(a)). "Among the factors to be considered in determining whether to grant a motion to transfer venue 'are, *inter alia*: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.'" *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006)).

      All parties here agree that the action could have been brought in the Eastern District of Wisconsin. In addition, transfer to that District would be in the interest of the parties as well as of the public. This matter is one of fifteen class actions filed against Defendant as a result of an April 2022 data security incident. The first twelve matters, as well as the fourteenth matter, were filed in the Eastern District of Wisconsin and have since been consolidated. The thirteenth

matter was filed in the United States District Court for the Southern District of Ohio, but has subsequently been transferred to the Eastern District of Wisconsin by agreement of the parties. Transfer of the case to the Eastern District of Wisconsin would permit the class actions which arises from the same underlying incident to be resolved in a single case with a single set of lawyers representing the same putative class supervised by a single District Court judge.

For those reasons, and because there is no opposition, the motion is GRANTED. The Clerk of Court is respectfully directed to transfer the case to the United States District Court for the Eastern District of Wisconsin and to close Dkt. No. 9.

SO ORDERED.

Dated: February 21, 2023
New York, New York

_____
LEWIS J. LIMAN
United States District Judge